**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TYLER JOHNSTON, Individually and on behalf of all others similarly situated, | CASE No. 1:25-cv-09153-NRB-BCM |
| Plaintiff, | |
| v. | |
| LIFEMD, INC., JUSTIN SCHREIBER, and MARC BENATHEN, | |
| Defendants. | |

**EMILIO TAGUA'S MEMORANDUM OF LAW IN OPPOSITION TO COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

**TABLE OF CONTENTS**

I.      INTRODUCTION ...................................................................................................... 1

II.     ZHAO SHOULD BE DISQUALIFIED BECAUSE HE CANNOT MEANINGFULLY
        OVERSEE COUNSEL AND WILL IMPOSE SIGNIFICANT ADDITIONAL COSTS ON
        THE CLASS ............................................................................................................. 2

III.    TAGUA SHOULD BE APPOINTED AS LEAD PLAINTIFF BECAUSE HE IS THE
        PRESUMPTIVELY MOST ADEQUATE PLAINTIFF AND THE PRESUMPTION HAS
        NOT BEEN REBUTTED ........................................................................................... 4

IV.     TAGUA'S SELECTION OF COUNSEL SHOULD BE APPROVED ............................. 5

V.      CONCLUSION ......................................................................................................... 5

## **TABLE OF AUTHORITIES**

CASES

*Christiansen v. Spectrum Pharms., Inc.*,
   2025 WL 2234041 (S.D.N.Y. Aug. 4, 2025)...............................................................................3

*Nayani v. LifeStance Health Grp., Inc.*,
   641 F. Supp. 3d 57 (S.D.N.Y. 2022).......................................................................................3

*Roar Spirits, LLC v. Sutter Home Winery, Inc.*,
   2025 WL 523898 (N.D. Cal. Feb. 18, 2025) ..........................................................................3

*Tan v. Goldman Sachs Grp. Inc.*,
   2022 WL 1094766 (S.D.N.Y. Apr. 12, 2022)..........................................................................4

*Topping v. Deloitte Touche Tohmatsu CPA*,
   95 F. Supp. 3d 607 (S.D.N.Y. 2015).......................................................................................5

*Tronox, Inc. Sec. Litig.*,
   262 F.R.D. 338 (S.D.N.Y. 2009) ............................................................................................5

Lead Plaintiff Movant Emilio Tagua ("Tagua") submits this memorandum of law in opposition to the three competing motions for appointment as lead plaintiff and approval of lead counsel filed by other purported class members (Dkt. Nos. 13, 19, 22). While Tagua has the second largest financial interest, the only movant that claims a larger financial interest, Gehui Zhao ("Zhao"), is inadequate to represent the class. Because Zhao should be disqualified, and Tagua has both the next largest financial interest and is otherwise adequate to represent the class, Tagua should be appointed as lead plaintiff and his selection of counsel should be approved.

## I.    INTRODUCTION

Four movants filed competing motions for appointment as lead plaintiff and approval of lead counsel pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). *See* Dkt. Nos. 13, 16, 19, 22. However, on November 5, 2025, one of the movants (John DiRoma) effectively abandoned his motion by filing a notice informing the Court that he does not oppose the competing motions because "it appears that DiRoma does not have the 'largest financial interest' in this litigation." Dkt. No. 26. Movant Sabina Minney filed a similar notice on November 10, 2025. *See* Dkt. No. 30. Therefore, only Tagua and Zhao are still seeking appointment as lead plaintiff.

With respect to the lead plaintiff determination, the question presently before the Court is which of these movants is the "most adequate plaintiff"—*i.e.*, the movant "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA directs courts to appoint the "most adequate plaintiff" as lead plaintiff, and provides a rebuttable presumption that the most adequate plaintiff is the plaintiff or movant with the "largest financial interest in the relief sought by the class" who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted by a showing that the presumptively most adequate plaintiff "will

not fairly and adequately protect the interests of the class" or "is subject to unique defenses." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). If the presumption is rebutted, the presumption moves to the plaintiff with the next largest financial interest until a suitable lead plaintiff is identified.

Here, while Zhao claims a larger financial interest ($105,000) than Tagua ($13,313) (*see* Dkt. Nos. 15-2, 18-3), Zhao is inadequate because his primary language is Mandarin, and although he claims to have a "working knowledge" of English, he admits that he cannot read and write English at a level necessary to fully understand the English versions of his own certification and declaration he filed in support of his lead plaintiff motion. *See* Dkt. No. 15-3 ("Zhao Decl."), ¶ 4. Given that this litigation will be conducted in English, Zhao will either be unable to meaningfully oversee counsel, or require extensive and costly professional translation services to translate many key documents in this case, such as each substantive pleading and brief, draft filings by counsel, communications between Zhao and his counsel, and other key documents. As such, Zhao is inadequate to represent the class, and any presumption that he is the most adequate plaintiff is rebutted.

Tagua is the remaining plaintiff with the largest financial interest in the relief sought by the class. Tagua also satisfies the typicality and adequacy requirements of Rule 23. Accordingly, Tagua is the presumptively most adequate plaintiff. Since there is no basis to rebut this presumption, Tagua should be appointed as lead plaintiff, and his selection of counsel should be approved.

## II.   ZHAO SHOULD BE DISQUALIFIED BECAUSE HE CANNOT MEANINGFULLY OVERSEE COUNSEL AND WILL IMPOSE SIGNIFICANT ADDITIONAL COSTS ON THE CLASS

Zhao admits in his declaration submitted with his lead plaintiff motion that his "first language is Mandarin" and that he "made certain to review both this Declaration and the accompanying Certification form . . . in Mandarin to confirm [his] complete understanding of the

documents before signing." Zhao Decl., ¶ 4.[1] In other words, Zhao could not fully understand the English versions of his certification (Dkt. No. 15-1) and declaration (Dkt. No. 15-3) that he signed and filed in support of his lead plaintiff motion. This is significant because filing a certification is the first and most basic requirement of the PSLRA. *See* 15 U.S.C. § 78u-4(a)(2)(a) ("Each plaintiff seeking to serve as a representative party on behalf of a class shall provide a sworn certification . . . ."). Zhao's inability to meet this requirement renders him inadequate to represent the class.

One of the primary purposes of the PSLRA was to put control of the litigation in the hands of the plaintiff, rather than counsel. *See Christiansen v. Spectrum Pharms., Inc.*, 2025 WL 2234041, at *4 (S.D.N.Y. Aug. 4, 2025) ("One of the principal legislative purposes of the PSLRA was to prevent lawyer-driven litigation.") (citation omitted). The plaintiff has a fiduciary duty to the class to monitor counsel. However, Zhao will not be able to meaningfully monitor counsel because it will require that he evaluate and discuss documents much more complex than his certification. *See Nayani v. LifeStance Health Grp., Inc.*, 641 F. Supp. 3d 57, 63 (S.D.N.Y. 2022) (disqualifying movant where "[t]he Court has significant doubts that Ms. Jordan will manage and monitor counsel in the way that Congress envisioned when it enacted the PSLRA").

Theoretically, but impractically, counsel for Zhao could enable him to effectively monitor counsel by having a professional translation service translate every substantive filing in the action, every internal memorandum regarding case strategy which a plaintiff should have access to, and every communication to and from Zhao and his counsel. However, the time and expense for such

---

[1] While Zhao does not state what translation service he used, it was presumably a professional service rather than something like Google Translate, which is not suitable for translating legal documents. *See Roar Spirits, LLC v. Sutter Home Winery, Inc.*, 2025 WL 523898, at *3 (N.D. Cal. Feb. 18, 2025) ("[C]ourts have denied requests for judicial notice of definitions and translations obtained from Google Translate, based on concerns with Google Translate's verified accuracy.").

3

an endeavor would be significant and is itself a basis to disqualify Zhao. *See Tan v. Goldman Sachs Grp. Inc.*, 2022 WL 1094766, at \*4 (S.D.N.Y. Apr. 12, 2022) (disqualifying a lead plaintiff movant in part because of the risk he would cause "duplicative and unnecessary legal costs that could nibble away at each issuer-class's prospective recovery"). There is no reason to impose significant additional costs on the class (for which counsel would presumably seek reimbursement if there was a recovery) when Tagua, who has no such problems, stands ready and able to serve.

### III.    TAGUA SHOULD BE APPOINTED AS LEAD PLAINTIFF BECAUSE HE IS THE PRESUMPTIVELY MOST ADEQUATE PLAINTIFF AND THE PRESUMPTION HAS NOT BEEN REBUTTED

Tagua is the remaining *bona fide* movant with the largest financial interest:

| Movant | Loss |
|--------|------|
| ~~Zhao~~ | ~~$104,906~~ |
| Tagua | $13,313 |
| DiRoma | $1,457 |
| Minney | $1,390 |

Since Tagua also filed a timely motion, and satisfies the preliminary requirements of Rule 23, he is the presumptively most adequate plaintiff to be appointed as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The presumption that Tagua is the most adequate plaintiff may be rebutted only upon "proof" that he "will not fairly and adequately protect the interests of the class," or "is subject to unique defenses that render [him] incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). No such proof can be presented. Tagua is not aware of any reason he would be incapable of serving as lead plaintiff. In fact, Tagua has managed his own investments for approximately five years, has a computer science degree from Universidad de Mendoza in Argentina, and is a software engineer with twenty years of experience. *See* Dkt No. 17 at 7-8. As such, Tagua is more than adequate to represent the class and should be appointed as lead plaintiff,

and no other movant is entitled to further consideration. *See Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 344 (S.D.N.Y. 2009) (the lead plaintiff process ends when "a candidate succeeds in both the first and second phases of inquiry").

## IV.    TAGUA'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Topping v. Deloitte Touche Tohmatsu CPA*, 95 F. Supp. 3d 607, 623 (S.D.N.Y. 2015) ("There is a strong presumption in favor of approving a properly-selected lead plaintiff's decision as to counsel."). Here, Tagua has selected Glancy Prongay & Murray LLP as lead counsel for the class. The firm has decades of experience successfully representing injured investors. *See* Dkt. No. 18-4. Accordingly, Tagua's selection of counsel should be approved.

## V.    CONCLUSION

For the foregoing reasons, Tagua respectfully requests that the Court grant his motion and enter an Order: (1) appointing Tagua as lead plaintiff; (2) approving Tagua's selection of Glancy Prongay & Murray LLP as lead counsel; and (3) denying the competing lead plaintiff motions.

Respectfully submitted,

DATED: November 10, 2025        **GLANCY PRONGAY & MURRAY LLP**

By:   */s/ Gregory B. Linkh*
Gregory B. Linkh (GL-0477)
230 Park Ave., Suite 358
New York, NY 10169
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
glinkh@glancylaw.com

5

Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Emilio Tagua and Proposed Lead
Counsel for the Class*

**THE LAW OFFICES OF FRANK R. CRUZ**
Frank R. Cruz
1999 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
Telephone: (310) 914-5007

*Additional Counsel*

6

**CERTIFICATE OF COMPLIANCE**

The undersigned counsel for Emilio Tagua certifies that this brief contains 1,496 words, which complies with the word limit of L.R. 7.1(c).

/s/ Gregory B. Linkh
Gregory B. Linkh

**PROOF OF SERVICE**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On November 10, 2025, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Eastern District of New York, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 10, 2025, at Brooklyn, New York.

*/s/ Gregory B. Linkh*
Gregory B. Linkh