**GPM** | Glancy
Prongay
& Murray LLP

Gregory B. Linkh
glinkh@glancylaw.com
230 Park Ave., Suite 358
New York, NY 10169
T: 212.682.5340

November 10, 2025

<u>**VIA ECF**</u>

The Honorable Naomi Reice Buchwald
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Courtroom 21A
New York, New York 10007

      Re:    *Johnson v. LifeMD, Inc., et al.,* No. 1:25-cv-09153-NRB

Dear Judge Buchwald:

I write on behalf of Lead Plaintiff Movant Emilio Tagua ("Tagua") pursuant to Rule 2.C.1. of Your Honor's Individual Practices. I submit this letter to accompany Tagua's Memorandum of Law in Opposition to Competing Motions for Appointment as Lead Plaintiff and Approval of Lead Counsel.

On October 27, 2025, Tagua filed a motion for entry of an Order: (1) appointing Tagua as Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); (2) approving Tagua's selection of Glancy Prongay & Murray LLP as Lead Counsel for the class; and (3) granting such other relief as the Court may deem to be just and proper. *See* Dkt. No. 16. Three other purported class members filed similar motions. *See* Dkt. Nos. 13, 19, 22. However, two of the four later effectively abandoned their motions by filing notices informing the Court that they do not oppose the competing motions. *See* Dkt. Nos. 26, 30. Only Gehui Zhao ("Zhao") and Tagua are still seeking appointment as lead plaintiff.

While Zhao claims to have a larger loss and therefore a larger financial interest than Tagua, Zhao should be disqualified from consideration as he is inadequate to represent the class. Zhao's primary language is Mandarin, and admits he cannot read and write English at a level necessary to fully understand the English version of his own certification and declaration he filed in support of his lead plaintiff motion. *See* Dkt. No. 15-3, ¶ 4. Given that this litigation will be conducted in English, Zhao will either be unable to meaningfully oversee his counsel, or require extensive and costly professional translation services to translate documents and communications

The Hon. Judge Buchwald
November 10, 2025
Page 2

with his counsel in this case. As such, Zhao is inadequate to represent the class, and any presumption that he is the most adequate plaintiff is rebutted.

Tagua does not suffer from similar adequacy concerns, filed a timely motion, and has the next largest financial interest after Zhao. As such, Tagua is the presumptively most adequate plaintiff to be appointed as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Since the presumption has not been rebutted, Tagua should be appointed as lead plaintiff.

Tagua's selection of Glancy Prongay and Murray LLP as Lead Counsel for the class should also be approved because the firm is qualified to represent the class, and the PSLRA permits the Lead Plaintiff to select counsel, subject to the approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).

For the forgoing reasons, and as set forth in his brief filed concurrently herewith, Tagua respectfully requests that the Court grant his motion (Dkt. No 16), and deny the competing motions (Dkt Nos. 13, 19, 22).

Respectfully,

*/s/ Gregory B. Linkh*
Gregory B. Linkh