**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TYLER JOHNSTON, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>LIFEMD, INC., JUSTIN SCHREIBER, and MARC BENATHEN,<br><br>Defendants. | Case No. 1:25-cv-09153-NRB<br><br>**RESPONSE IN SUPPORT OF MOTION TO APPOINT GEHUI ZHAO AS LEAD PLAINTIFF AND APPROVE THE SELECTION OF LEAD COUNSEL** |

## I.    INTRODUCTION

Four motions for appointment as lead plaintiff are pending before this Court pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA").[1]  A review of the competing filings reveals that movant Gehui Zhao ("Movant") is the "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i).[2]

*First*, Movant claims the largest financial interest, having suffered $105,000.76 in losses on his Class Period transactions (ECF No. 15-2), which is the primary focus of the PSLRA appointment criteria. See 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

| **Movant** | **Loss Claimed** |
|---|---|
| Gehui Zhao | $105,000.76 |
| Emilio Tagua | $13,313.32 |
| ~~John DiRoma~~ | ~~$1,457.00~~ |
| ~~Sabina Minney~~ | ~~$1,391.05~~ |

*Second*, Movant also made a *prima facie* showing of typicality and adequacy. Here, like other class members, Movant's claims raise the common question of whether Defendants made material misrepresentations that artificially inflated the Company's stock price. Moreover, Movant

---

[1] All capitalized terms are defined in Movant's initial brief, unless otherwise indicated. *See* ECF No. 14.

[2] Movants John DiRoma and Sabina Minney have filed notices of non-opposition to the competing lead plaintiff motions. ECF Nos. 26, 30.

has demonstrated his adequacy given his significant financial stake, retention of qualified counsel and ability and willingness to zealously prosecute the class's claims.

Having satisfied these two steps, Movant is entitled to a strong presumption that he is the "most adequate plaintiff." That presumption can only be rebutted "upon proof" that Movant is inadequate or atypical. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). There are no facts, let alone any "proof," suggesting that Movant is somehow unfit to represent the Class. Accordingly, the Court should appoint Movant Lead Plaintiff and approve his choice of counsel.

## II.    ARGUMENT

### A.    Movant's Financial Interest in this Action is Larger than Any Other Movant

The PSLRA provides a rebuttable presumption that the "most adequate plaintiff" is the plaintiff with the largest financial interest in the relief sought by the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). Movant suffered losses of $105,000.76 on his purchases of LifeMD securities during the Class Period. *See* Gilmore Decl., Ex. B (ECF No. 15-2). Thus, Movant indisputably has the largest financial interest in the relief sought by the Class. *See*, *Rosi v. Alcaris Therapeutics, Inc.*, 2019 WL 5778445, at *1 (S.D.N.Y. Nov. 6, 2019) (comparing movants' claimed losses in evaluating movants' respective financial interest).

### B.    Movant also Satisfies the Typicality and Adequacy Requirements of Rule 23

Movant also satisfies the typicality and adequacy requirements of Rule 23. "The 'typicality threshold is satisfied' where the proposed lead plaintiff's claims 'arise from the same conduct from which the other class members' claims and injuries arise.'" *Di Scala v. ProShares Ultra Bloomberg Crude Oil*, 2020 WL 7698321, at *2 (S.D.N.Y. Dec. 28, 2020) (quoting *Teran v. Subaye, Inc.*, 2011 WL 4357362, at *5 (S.D.N.Y. Sept. 16, 2011)).

As demonstrated in Movant's moving papers, Movant's claims are typical of Class members. Here, like all other Class members, Movant: (1) purchased LifeMD shares on the open market during the Class Period; (2) at prices artificially inflated by Defendants' materially false and misleading statements; and (3) was harmed when the truth was revealed.

Movant similarly satisfies Rule 23's adequacy requirement because he is capable of "fairly and adequately protect[ing] the interests of the class." Fed. R. Civ. P. 23(a)(4). Movant has a substantial financial stake in the litigation as well as the incentive and ability to vigorously pursue the Class's claims. Further, Movant's interests are perfectly aligned with those of other Class members and are not antagonistic in any way. There are no facts to suggest any actual or potential conflict of interest or other antagonism between Movant and the Class. Finally, Movant's selected counsel, Hagens Berman, is highly experienced in securities litigation. *See* Gilmore Decl., Ex. D (ECF No. 15-4). *Di Scala*, 2020 WL 7698321, at *2 ("The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy.") (quoting *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 131 (S.D.N.Y. 2011)).

Because there is no contrary evidence against Movant, the Court should appoint Movant as lead plaintiff.

## C.    Hagens Berman Should Be Appointed Lead Counsel

Movant's counsel, Hagens Berman, readily satisfies statutory requirements for lead class counsel and would fairly and adequately represent the class. Hagens Berman has also previously prosecuted a number of similar securities fraud class actions and has been successful. *See* Gilmore Decl., Ex. D (ECF No. 15-4) at pages 16-18. Because Hagens Berman has demonstrated its competency to represent the class, the Court should appoint Hagens Berman as lead counsel.

### III.    CONCLUSION

For the reasons discussed above and in the opening brief (ECF No. 14), Movant respectfully requests that the Court consolidate the related actions, appoint him Lead Plaintiff, and approve his selection of Hagens Berman as Lead Counsel for the Class.

DATED: November 10, 2025                Respectfully Submitted,

                                        HAGENS BERMAN SOBOL SHAPIRO LLP

                                        By    */s/ Lucas E. Gilmore*
                                             LUCAS E. GILMORE (*pro hac vice*)

                                        715 Hearst Avenue, Suite 202
                                        Berkeley, CA  94710
                                        Telephone: (510) 725-3000
                                        Facsimile:  (510) 725-3001
                                        lucasg@hbsslaw.com

                                        Nathaniel A. Tarnor
                                        HAGENS BERMAN SOBOL SHAPIRO LLP
                                        594 Dean Street, Suite 8
                                        Brooklyn, NY11238
                                        Telephone: (212) 752-5455
                                        Facsimile:  (917) 210-3980
                                        nathant@hbsslaw.com

                                        *Counsel for [Proposed] Lead Plaintiff Gehui Zhao*

## WORD COUNT COMPLIANCE CERTIFICATE

I, Lucas E. Gilmore, certify that this brief complies with Local Civil Rule 7.1(c).

I further certify that, in preparation of this brief, I used Microsoft Word, and that this word processing program has been applied specifically to include all text, including headings, footnotes, and quotations in the following word court.

I further certify that the above-referenced brief contains 828 words.

/s/ Lucas E. Gilmore
LUCAS E. GILMORE

**CERTIFICATE OF SERVICE**

I hereby certify that I am the ECF User whose ID and password are being used to electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses registered, as denoted on the Electronic Mail Notice List, and I hereby certify that I have caused to be mailed a paper copy of the foregoing document via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List generated by the CM/ECF system.

*/s/ Lucas E. Gilmore*
LUCAS E. GILMORE