**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TYLER JOHNSTON, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LIFEMD, INC., JUSTIN SCHREIBER, and MARC BENATHEN,<br><br>Defendants. | CASE No. 1:25-cv-09153-NRB |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF EMILIO TAGUA'S MOTION**
**FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

## **TABLE OF CONTENTS**

I.    Introduction .................................................................................................................... 1

II.   Zhao Is Inadequate to Represent the Class Because He Is Unable to Meaningfully Oversee Counsel and Will Impose Significant Additional Costs on the Class ................................ 1

III.  Tagua Should Be Appointed as Lead Plaintiff ...................................................... 2

IV.   Conclusion ............................................................................................................. 2

## I.    Introduction

Tagua's[1] motion for appointment as lead plaintiff and approval of his selection of counsel (Dkt. No. 16) should be granted because the only movant who claims a larger financial interest (Zhao) is inadequate to represent the class. Tagua is the *bona fide* movant with the largest financial interest and no other movant contests that he is adequate to represent the class. Accordingly, Tagua should be appointed as lead plaintiff and his selection of counsel should be approved.

## II.    Zhao Is Inadequate to Represent the Class Because He Is Unable to Meaningfully Oversee Counsel and Will Impose Significant Additional Costs on the Class

While Zhao claims to have a larger loss than Tagua, Zhao should be disqualified from consideration because he is inadequate. Zhao admits that his "first language is Mandarin" and that he was unable to form a "complete understanding" of the English versions of his certification and declaration without also reviewing versions translated into Mandarin. *See* Zhao Decl., ¶ 4. Zhao has still not identified the translation service he used, nor provided copies of the Mandarin documents he reviewed. Given that every substantive document in this action and Zhao's communications with his counsel will be in English, Zhao will not be able to meaningfully oversee class counsel. Moreover, while Zhao could theoretically circumvent the language barrier by having every substantive document and every communication from his counsel translated into Mandarin, and then every communication from Zhao to his counsel translated into English, this arrangement would be costly and erode the class's potential recovery.

Despite now having had a second opportunity in his opposition memorandum to present evidence that Zhao will be able to meaningfully oversee counsel despite the language barrier, Zhao

---

[1] All capitalized terms herein are as defined in Tagua's opposition memorandum (Dkt. No. 31).

has remained silent on the issue. Zhao is inadequate to represent the class. Since Zhao is inadequate, any presumption that Zhao is the most adequate plaintiff is rebutted.

## III. Tagua Should Be Appointed as Lead Plaintiff

Since Zhao is disqualified as inadequate, Tagua is the remaining *bona fide* movant with the largest financial interest:

| Movant | Loss |
|--------|------|
| ~~Zhao~~ | ~~$104,906~~ |
| Tagua | $13,313 |
| DiRoma | $1,457 |
| Minney | $1,390 |

Since Tagua also filed a timely motion and is adequate and typical of the class, he is the presumptively most adequate plaintiff to be appointed as lead plaintiff.

No movant, including Zhao, has attempted to rebut the presumption by showing (or even suggesting) that Tagua is inadequate or subject to unique defenses. Indeed, Tagua is more than adequate. Tagua has a computer science degree from Universidad de Mendoza in Argentina, and is a software engineer with twenty years of experience. *See* Dkt No. 17 at 7-8. Since Tagua is presumptively the most adequate plaintiff, and the presumption has not been rebutted, Tagua should be appointed as lead plaintiff.

## IV. Conclusion

For the foregoing reasons, Tagua respectfully requests that the Court enter an Order: (1) appointing Tagua as lead plaintiff; (2) approving Tagua's selection of Glancy Prongay & Murray LLP as lead counsel; and (3) denying the competing lead plaintiff motions.

Respectfully submitted,

DATED: November 17, 2025          **GLANCY PRONGAY & MURRAY LLP**

By:   */s/ Gregory B. Linkh*
Gregory B. Linkh (GL-0477)
230 Park Ave., Suite 358
New York, NY 10169
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
glinkh@glancylaw.com

Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Emilio Tagua and Proposed Lead
Counsel for the Class*

**THE LAW OFFICES OF FRANK R. CRUZ**
Frank R. Cruz
1999 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
Telephone: (310) 914-5007

*Additional Counsel*

3

## CERTIFICATE OF COMPLIANCE

The undersigned counsel for Emilio Tagua certifies that this brief contains 512 words, which complies with the word limit of L.R. 7.1(c).

*/s/ Gregory B. Linkh*
Gregory B. Linkh

**PROOF OF SERVICE**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On November 17, 2025, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Southern District of New York, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 17, 2025, at Brooklyn, New York.

                                        */s/ Gregory B. Linkh*
                                        Gregory B. Linkh