**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TYLER JOHNSTON, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:25-cv-09153-NRB |
| Plaintiff, | **REPLY IN SUPPORT OF MOTION TO APPOINT GEHUI ZHAO AS LEAD PLAINTIFF AND APPROVE THE SELECTION OF LEAD COUNSEL** |
| v. | |
| LIFEMD, INC., JUSTIN SCHREIBER, and MARC BENATHEN, | |
| Defendants. | |

## I.        INTRODUCTION

The PSLRA creates a rebuttable presumption that the plaintiff with the largest financial interest, in this case Movant Gehui Zhao, is the presumptive Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). In his opposition (ECF No. 31), competing movant Emilio Tagua, the only applicant to challenge Mr. Zhao's appointment, fails to offer any "proof" to rebut this presumption. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Instead, Tagua's opposition relies entirely on speculative and easily refuted claims regarding Mr. Zhao's English proficiency and potential costs, which are addressed and neutralized by Mr. Zhao's Reply Declaration. *See* Declaration of Lucas E. Gilmore in Further Support of Motion to Appoint Gehui Zhao as Lead Plaintiff and Approve the Selection of Lead Counsel ("Gilmore Decl."), Ex. F. More troubling, Tagua improperly attempts to inject language fluency into the adequacy analysis, utilizing arguments that this Court and others across the country have long rejected. *See e.g., In re Turkcell Iletisim Hizmetler, A.S. Sec. Litig.*, 209 F.R.D. 353, 356 (S.D.N.Y. 2002) (Buchwald, J.) (holding that investor was adequate even though he did not speak English, since investor understood basic nature of suit, and had interests that were clearly aligned with class members).

In short, Tagua's challenge is both unsupported by the facts and foreclosed by case law, including *Turkcell*; therefore, the Court should reject Tagua's challenges and apply the PSLRA's clear mandate by appointing Mr. Zhao as Lead Plaintiff and approving his choice of counsel.

## II.        ARGUMENT

### A.        Mr. Zhao's Statutory Presumption is Unchallenged

The PSLRA establishes a clear hierarchy for determining the most adequate plaintiff, instructing the Court to select the person or group that "has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Congress created this presumption

1

to ensure that the lead plaintiff is an investor with a significant stake in the outcome, thereby providing the strongest incentive to monitor the litigation and maximize class recovery.

Mr. Zhao indisputably satisfies this threshold requirement. Mr. Zhao suffered a loss of $105,000.76, which is by far the largest financial interest among all applicants. Competing movant Tagua's financial interest of only $13,313.32 is nearly eight times smaller. By placing the presumption with the largest shareholder, the PSLRA ensures the class representative is truly incentivized to prosecute the case vigorously. Given that Mr. Zhao easily meets this primary statutory requirement, the burden now rests entirely on Tagua to offer "proof" demonstrating that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Tagua has failed to meet this high bar.

**B.     Tagua Fails to Rebut the Presumption of Adequacy**

Tagua, an individual whose academic background is rooted in the Argentine education system, and who currently resides in Spain, offers an opposition that hinges entirely on two speculative and legally insufficient claims: that Mr. Zhao cannot meaningfully oversee counsel due to his primary language of Mandarin Chinese, and that he will impose significant costs on the Class. ECF No. 31 at 2-3. As demonstrated below and confirmed by the accompanying Reply Declaration of Gehui Zhao, both arguments are meritless and must be rejected by the Court. *See*, *Bayway Ref. Co. v. Oxygenated Mktg. & Trading*, 215 F.3d 219, 226–27 (2d Cir.2000) ("reply papers may properly address new material issues raised in the opposition papers").

**1.     Mr. Zhao is Fully Capable of Meaningfully Overseeing Counsel.**

Tagua attempts to turn Mr. Zhao's status as a non-native English speaker into a disqualifying factor for Lead Plaintiff appointment. This line of attack is both improper and legally irrelevant. The adequacy test under the PSLRA focuses on whether the plaintiff possesses the

willingness and ability to conduct the litigation, *not* on the plaintiff's linguistic ability to draft legal memoranda or engage in oral argument.

Critically, in *Turkcell*, this Court directly addressed whether a non-English speaking investor could serve as an adequate class representative in a securities fraud case. 209 F.R.D. at 356. There, the Court found that plaintiff Arif Temurcan, an American citizen who did not speak English, met the adequacy requirement for being a class representative because "he understands the basic nature of the lawsuit, and, while he does not grasp the nuances of a class action, his interests are clearly aligned with the class members whom he represents." *Id*. The Court emphasized that "there is no requirement that a representative plaintiff himself be able to communicate with counsel and understand the papers in the case." *Id*. The Court relied on Supreme Court precedent, *Surowitz v. Hilton Hotels Corp*., 383 U.S. 363, 371–72 (1966), which held that a plaintiff who could not speak English, had a minimal grasp of the facts of her case, and relied on her son-in-law to handle her interactions with counsel still met the representation requirement. The Court noted that Temurcan relied on his daughter to communicate with counsel "in much the same way that Mrs. Surowitz relied on her son-in-law" and found this arrangement sufficient for adequate representation. *Turkcell*, 209 F.R.D. at 356.

Other courts are in accord and have routinely rejected the argument that a non-native English speaker, standing alone, is inherently inadequate to serve as lead plaintiff. Such challenges, which improperly attempt to inject assumptions about language fluency into the adequacy analysis, are legally insufficient to rebut the statutory presumption under the PSLRA. *See, e.g., In re Lernout & Hauspie Sec. Litig*., 138 F. Supp. 2d 39, 45 (D. Mass. 2001) (rejecting argument that a group of three individual investors, each residing in different European countries and speaking primary languages other than English, lacked the ability to serve as lead plaintiffs). Instead, courts apply

- 3 -

practical adequacy standards that focus on the plaintiff's understanding of the merits, rather than fluency. *See, e.g., In re Nature's Sunshine Prod.'s Inc. Sec. Litig.*, 251 F.R.D. 656, 660 (D. Utah 2008) (rejecting defendants' argument that a Malaysian plaintiff's language barrier prevented him from being an adequate class representative); *In re Crazy Eddie Sec. Litig.*, 135 F.R.D. 39, 41 (E.D.N.Y. 1991) (holding that a tenuous grasp of the English language is insufficient to render a putative class representative inadequate).

Here, Mr. Zhao is a U.S. resident who studied English in college and successfully navigates the U.S. commercial environment, including his work in used car sales (Zhao Reply Decl. ¶ 4). His practical comprehension of English and his understanding of the claims is sufficient for his role as lead plaintiff, which is one of strategic oversight, not of oral advocacy or legal drafting. To disqualify the plaintiff with the largest financial stake based on an easily managed language accommodation is to utilize an arbitrary standard that undermines the core intent of the PSLRA and would "curtail the availability of the class action mechanism." *Noble v. 93 Univ. Place Corp.*, 224 F.R.D. 330, 344 (S.D.N.Y. 2004) (holding that English fluency is not required for class representatives).

Tagua mistakenly characterizes Mr. Zhao's request for clarity in his native Mandarin Chinese language during the review of his initial certification and moving declaration as proof of inadequacy. ECF No. 31 at p. 2-4. To the contrary, this action demonstrates the very model of diligence required of a Lead Plaintiff. As Mr. Zhao explains in his reply declaration, his review of the certification and declaration was conducted directly with Hagens Berman attorneys Lucas Gilmore and Helen Hsu, with Ms. Hsu, who is fluent in Mandarin, ensuring complete and precise clarity (Zhao Decl. ¶ 5). This diligent review was sought by Mr. Zhao to give him absolute comfort that he was accurate and fully understood the contents of the documents before swearing under

oath and penalty of perjury. *Id*. This is not evidence of a lack of ability; it is evidence of a prudent and serious investor who takes his obligations to the Court and the Class seriously.

Mr. Zhao has a clear and effective plan for future oversight. He commits to being actively involved in reviewing case strategy, major filings, settlement proposals, and fee requests (Zhao Decl. ¶ 6). Furthermore, his counsel is prepared to ensure he understands all critical documents through clear oral explanations, summaries, or by reviewing them directly with attorneys at Hagens Berman like Ms. Hsu in Mandarin, as needed (Zhao Decl. ¶ 6).[1] This arrangement is streamlined, internal to the law firm, and ensures consistent, effective communication without requiring external translation services.

### 2. The Appointment of Mr. Zhao will Not Impose Meaningful Costs on the Class

Tagua's argument that Mr. Zhao's appointment will result in "significant additional costs" that "nibble away" at the class recovery is purely speculative. Should there be a recovery, the Court will ultimately determine the reasonableness of all costs and expenses sought by counsel. If the Court determines any of these costs are unreasonable, Lead Counsel will absorb those costs – not the Class.

### III. CONCLUSION

In sum, Tagua's attempt to use Mr. Zhao's non-native English-speaking status to defeat the statutory presumption is legally insufficient and should be firmly rejected. Tagua offers nothing more than conjecture based on language accommodations, which have been proven to be handled diligently and cost effectively. For the reasons discussed above and in Mr. Zhou's previous

---

[1] In addition to Ms. Hsu, Hagens Berman has at least two other Mandarin-speaking attorneys, Kelly Fan and Moses Jehng, further demonstrating the Firm's ample internal resources to accommodate Mr. Zhao without external cost. *See* Attorney Biographies, https://www.hbsslaw.com/attorneys (last visited Nov. 17, 2025).

submissions, the Court should appoint Mr. Zhou Lead Plaintiff, and approve his selection of Hagens Berman as Lead Counsel for the Class.

DATED: November 17, 2025                    Respectfully Submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

By      */s/ Lucas E. Gilmore*
             LUCAS E. GILMORE (*pro hac vice*)

715 Hearst Avenue, Suite 202
Berkeley, CA  94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
lucasg@hbsslaw.com

Nathaniel A. Tarnor
HAGENS BERMAN SOBOL SHAPIRO LLP
594 Dean Street, Suite 8
Brooklyn, NY 11238
Telephone: (212) 752-5455
Facsimile:  (917) 210-3980
nathant@hbsslaw.com

*Counsel for [Proposed] Lead Plaintiff Gehui Zhao*

**WORD COUNT COMPLIANCE CERTIFICATE**

I, Lucas E. Gilmore, certify that this brief complies with Local Civil Rule 7.1(c).

I further certify that, in preparation of this brief, I used Microsoft Word, and that this word processing program has been applied specifically to include all text, including headings, footnotes, and quotations in the following word court.

I further certify that the above-referenced brief contains 1,596 words.

/s/ Lucas E. Gilmore
LUCAS E. GILMORE

**CERTIFICATE OF SERVICE**

I hereby certify that I am the ECF User whose ID and password are being used to electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses registered, as denoted on the Electronic Mail Notice List, and I hereby certify that I have caused to be mailed a paper copy of the foregoing document via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List generated by the CM/ECF system.

*/s/ Lucas E. Gilmore*
LUCAS E. GILMORE