```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
TYLER JOHNSTON, individually and on
behalf of all others similarly
situated,
                                             MEMORANDUM AND ORDER
                    Plaintiff,
                                             25 Civ. 09153 (NRB)
       - against –

LIFEMD, INC., JUSTIN SCHREIBER, and
MARC BENATHEN,

                    Defendants.
------------------------------------X
```

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

This is a securities fraud class action brought against LifeMD, Inc. ("LifeMD"), LifeMD's Chief Executive Officer Justin Schreiber, and LifeMD's Chief Financial Officer Marc Benathen on behalf of a purported class of investors who allegedly sustained losses because of materially false statements made by LifeMD. Now pending before the Court are two competing motions for appointment as lead plaintiff, brought by two individual members of the prospective class. Each movant also asks the Court to appoint their respective law firm as lead counsel for the class.

### Background and Procedural History

On August 27, 2025, plaintiff Tyler Johnston filed a class action complaint, alleging violations of Sections 10(b) and 20(a) of the Securities and Exchange Act of 1934 (the "Exchange Act"),

1

15 U.S.C. §§ 78j(b), 78t(a), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5.[1]  ECF No. 1 ¶¶ 2, 6-16.  That same day, Johnston also posted notice in Business Wire in accordance with the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 77z-1(a)(3)(A)(i), informing class members that they had 60 days, until October 27, 2025, to file a motion to serve as lead plaintiff in the securities class action.  ECF No. 15-5 at 2.

On October 27, 2025, four class members filed separate motions to be appointed as lead plaintiff, and for their respective law firms to be appointed as lead counsel for the class.  See ECF Nos. 13, 16, 19, 22.  It is undisputed that of these movants, Gehui Zhao ("Zhao") claims the largest financial interest in the litigation, with $105,000.76 in alleged losses.  See ECF Nos. 15-2 ("Zhao Loss Chart") at 2, 33 at 2.  On November 5 and November 10, 2025, movants John DiRoma and Sarah Minney filed notices of non-opposition, acknowledging that they do not have the "largest financial interest" and thereby would not contest the appointment of another movant as lead plaintiff.  ECF Nos. 26, 30.

The only class members still seeking appointment as lead plaintiff are Zhao and movant Emilio Tagua ("Tagua").  On October

---

[1] The complaint was originally filed in the United States District Court for the Eastern District of New York but was transferred to this Court on November 3, 2025 pursuant to a joint stipulation of the parties and an order by Magistrate Judge James M. Wicks.  ECF Nos. 11, 12, 24.

2

27, 2025, Zhao and Tagua filed briefs in support of their respective motions. ECF Nos. 14 ("Zhao Mot."), 17 ("Tagua Mot."). On November 10, 2025, Zhao filed a renewed brief in support, ECF No. 32 ("Zhao Response")[2], and Tagua filed an opposition brief to Zhao's motion, ECF No. 31 ("Tagua Opp."). Finally, on November 17, 2025, Zhao and Tagua each filed a reply. ECF Nos. 34 ("Zhao Reply"), 33 ("Tagua Reply").

## Discussion

The PSLRA requires that a court "shall appoint as lead plaintiff the member . . . of the purported plaintiff class that the court determines to be the most capable of adequately representing the interests of class members": in other words, the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(i). "A

---

[2] In the "conclusion" section of one of his briefs, Zhao requests that the Court "consolidate the related actions." Zhao Response at 4. However, Zhao does not specify what the "related actions" are and does not repeat the request in any of his other papers. See ECF No. 13 at 1 (requesting an order "(1) appointing [Zhao] as Lead Plaintiff . . . ; (2) approving [Zhao's] . . . law firm . . . as Lead Counsel for the class; and (3) granting such other and further relief as the Court may deem just and proper."); see also ECF Nos. 14, 15, 25, 32, 34. The other movants do not seek consolidation. See ECF Nos. 13, 15, 19, 22, 31, 33. Consequently, the Court views Zhao's request as waived and/or inadvertent. In any event, the only plausibly "related" action was filed on November 7, 2025, and is not eligible for consolidation. See ECF No. 1, Ellis, III v. Schreiber, et al., No. 25 Civ. 09343 (NRB) (S.D.N.Y. 2025). Although it is based on similar facts, see id. at Introduction, it is not a securities class action, but rather a derivative action brought on behalf of LifeMD as "nominal defendant," and alleging breaches of fiduciary duty, insider trading, and violations of Section 14(a) of the Exchange Act by various officers and directors, including some officers and directors not named as defendants in this action. Id. ¶¶ 1-8, 85-107. Because the derivative action asserts different statutory and other claims, seeking different remedies, against different defendants, it is not eligible to be "consolidated" with this securities class action brought under Sections 10(b) and 20(a) of the Exchange Act, even if it is "related," i.e., based on similar facts.

3

plaintiff is presumed to be the most adequate plaintiff if [plaintiff]: (1) has either filed the complaint or made a [timely] motion in response to the publication of notice; (2) has the largest financial interest in the relief sought by the class; and (3) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." Kaplan v. Gelfond, 240 F.R.D. 88, 92 (S.D.N.Y. 2007) (Buchwald, J.), on reconsideration in part sub nom. In re IMAX Sec. Litig., No. 06 Civ. 6128, 2009 WL 1905033 (S.D.N.Y. June 29, 2009).  That presumption may be rebutted if another movant provides proof that the presumptive lead plaintiff "will not fairly and adequately protect the interests of the class" or is subject to "unique defenses" that render them incapable of adequately representing the class.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

    **a. Timely Motions**

Here, all movants filed timely motions by October 27, 2025, within 60 days of the publication of notice pursuant to 15 U.S.C. § 77z-1(a)(3)(A)(i).  See ECF Nos. 13, 16, 19, 22.  "Accordingly, we look to the second requirement to determine the presumptive lead plaintiff: that the movant have the largest financial interest in the action."  Kaplan, 240 F.R.D. at 92-93.

4

### b. Largest Financial Interest

Zhao has represented that he suffered $105,000.76 in losses arising from his purchases of LifeMD stock in July and August of 2025. See ECF Nos 15-1 at 3, Zhao Loss Chart at 2, Zhao Reply at 2. Upon learning of Zhao's claimed closes, movants DiRoma and Minney filed notices of non-opposition. ECF Nos. 26, 30. Although movant Tagua, who only claims $13,313 in damages, does not contest that Zhao has the "largest financial interest," Tagua Reply at 2, he continues to oppose Zhao's motion, id. at 1.

### c. Additional Rule 23 Requirements

Zhao "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure," 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), including the typicality and adequacy requirements of the rule. "In a motion to be appointed as lead plaintiff, a class member need only make a 'preliminary showing' that the Rule's typicality and adequacy requirements have been satisfied." Kuriakose v. Federal Home Loan Mortgage Co., No. 08 Civ. 7281 (JFK), 2008 WL 4974839, at *4 (S.D.N.Y. Nov. 24, 2008) (citation omitted).

"[Typicality] is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." In re Drexel Burnham Lambert Group, Inc., 960 F.2d 285, 291 (2d

5

Cir.1992). Like the other members of the class, Zhao alleges that he purchased LifeMD stock during the class period, purchased those shares in reliance on LifeMD's alleged misrepresentations, and suffered damages as a consequence. Zhao Mot. at 3-4; ECF No. 15-3. These allegations are sufficient to satisfy the typicality requirement of Rule 23. See Kuriakose, 2008 WL 4974839, at *4.

The adequacy retirement is satisfied "(1) [if] the proposed class counsel is qualified, experienced, and generally able to conduct the litigation; . . . (2) [if] the proposed lead plaintiff [does not have] interests that are antagonistic to other class members; . . . and (3) [if] the proposed lead plaintiff and the class possess sufficient interest to pursue vigorous prosecution of their claims." Constance Sczesny Trust v. KPMG LLP, 223 F.R.D. 319, 324 (S.D.N.Y.2004); see also Kaplan, 240 F.R.D. at 94. Here, Zhao's counsel, Hagens Berman Sobol Shapiro LLP ("Hagens Berman"), is an established firm with significant experience representing plaintiffs in complex securities fraud class actions. See ECF No. 15-4 at 16-19. Also, there is no evidence that Zhao has interests adverse to the class, and the Court is confident that $105,000.76 in claimed losses will motivate Zhao to vigorously prosecute the case. Consequently, Zhao is entitled to a presumption that he is the "most adequate plaintiff" pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(i).

6

**d. Rebuttal by Movant Tagua**

As stated previously, Emilio Tagua is the only movant who continues to challenge Zhao's motion for appointment as lead plaintiff.  See ECF Nos. 26, 30.  Although Tagua acknowledges that Zhao "claims a larger financial interest," Tagua attempts to rebut the presumption in favor of Zhao on the ground that "[Zhao's] 'first language is Mandarin'" and that, consequently, "Zhao will not be able to meaningfully oversee class counsel."  Tagua Reply at 1.

The Court sees no reason why Mr. Zhao would not be able to "fairly and adequately represent the interests of the class" or be "subject to unique defenses that render [him] incapable of representing the class," 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II), simply because his first language is Mandarin.  First, Zhao has a working understanding of English even without a translator.  See Zhao Reply at 4 ("Mr. Zhao is a U.S. resident who studied English in college and successfully navigates the U.S. commercial environment, including his work in used car sales."); ECF No. 34-2 ("Zhao Reply Decl.") ¶ 4 (same).  Second, Zhao and Hagens Berman have represented that to the extent Zhao requires translation assistance, counsel has and will continue to provide it.  Zhao Reply Decl. ¶ 5 (explaining that in preparing his motion Mr. Zhao consulted with counsel, including "Helen Hsu . . . who is fluent

7

in Mandarin, ensuring clarity of the terminology"). Even if Mr. Zhao were not a working professional who has taken college-level English courses, we have previously held that English language ability is no impediment to adequately representing a class. See Zhao Reply at 1 (citing In re Turkcell Iletisim Hizmetler, A.S. Sec. Litig., 209 F.R.D. 353, 356 (S.D.N.Y. 2002) (Buchwald, J.) (holding that "there is no requirement that a representative plaintiff himself be able to communicate with counsel and [independently] understand the papers in the case" where translation assistance could be obtained)). Other courts have likewise held that "[a] tenuous grasp of the English language is insufficient to render a putative class representative inadequate." Noble v. 93 Univ. Place Corp., 224 F.R.D. 330, 345 (S.D.N.Y. 2004) (Scheindlin, J.); see also Surowitz v. Hilton Hotels Corp., 383 U.S. 363, 371–73 (1966); In re Lernout & Hauspie Sec. Litig., 138 F. Supp. 2d 39, 45 (D. Mass. 2001); In re Crazy Eddie Sec. Litig., 135 F.R.D. 39, 41 (E.D.N.Y. 1991). Mr. Tagua has cited no caselaw to the contrary. See generally Tagua Opp.; Tagua Reply.

I. **Appointment of Lead Counsel**

Zhao also moves to appoint Hagens Berman as class counsel. Zhao Mot. at 2. In considering this request, there is a "strong presumption in favor of approving a properly-selected lead

8

plaintiff's decisions as to counsel selection." Sallustro v. CannaVest Corp., 93 F. Supp. 3d 265, 278 (S.D.N.Y. 2015) (citation omitted). Having reviewed Hagens Berman's firm resume, ECF No. 15-4, including its extensive experience representing plaintiffs in complex securities class actions, id. at 16-19, the Court concludes it is well-qualified to serve as lead counsel in this case.

## Conclusion

For the preceding reasons, Zhao's motion for appointment as lead plaintiff and for approval of Hagens Berman as lead counsel is granted, ECF No. 13, and Tagua's competing motion is denied, ECF No. 16.

**SO ORDERED.**

Dated:    November 24, 2025
         New York, New York

*[signature]*

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE